MARY J. CLARK v. PUBLIC SERVICE RAILROAD COMPANY.

Submitted July 5, 1912—Decided November 21, 1912.

1. Upon the authority of the case of *Van Blarcom* v. *Central Railroad Co.,* 44 *Vroom* 540, it was erroneous to instruct the jury that it was the duty of the motorman and conductor to use "a high degree of care" to avoid a collision with plaintiff's automobile.

2. A verdict based upon an erroneous rule of law as to the defendant's liability may be set aside on rule to show cause, although no exception to the erroneous instruction was taken at the trial.

---

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and BERGEN.

For the rule, *Lefferts S. Hoffman* and *Leonard J. Tynan.*

*Contra, Lintott, Kahrs & Young.*

The opinion of the court was delivered by

GARRISON, J.    The plaintiff's contributory negligence was theoretically a question for the jury, but as she was seated on the rear seat of the automobile and there is no testimony as to any situation or circumstance bearing upon her negligence the failure to leave the question to the jury should not disturb the verdict.

The verdict, however, must be set aside because of an erroneous instruction to the jury on the question of the defendant's liability. The trial court, in the charge, speaking of the duty of the defendant's servants, *i. e.,* the motorman and conductor, said: "They should have exercised their faculties of observation. That is, they should have used *a high degree of care.*" This characterization of the duty of the defendant's servants is directly opposed to the case of *Van Blarcom* v. *Central Railroad Co.,* 44 *Vroom* 540, in which the Court of Errors and Appeals held that to use the words "a high degree of care" in this connection was an injurious error that required a reversal.

The circumstance that no exception to the charge in this respect was taken at the trial is no bar to the setting aside of the verdict upon a rule to show cause if a rule of law injurious to the defendant has been erroneously charged to the jury upon an essential feature of the case. *Hatfield* v. *Central Railroad Co.,* 4 *Vroom* 251; *Butler* v. *Hoboken, &c., Co.,* 44 *Id.* 45; *Otis Elevator Co.* v. *Headley,* 52 *Id.* 173.

The fact that the cases cited were concerned with the rule of damages is insignificant, as the doctrine in question is of general application.

The rule to show cause is made absolute.